IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 SEP -1 AM 10: 41

CLERK-ALBUQUERQUE

ROBERT CHARLES MOORE, RONALD
LEE BEACHUM,

    Plaintiffs,

vs.      CIVIL NO. 01-695 MV/DJS

CURTIS LANDRUM,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se, in forma pauperis* civil rights action brought by prisoners pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiffs originally asserted a variety of claims, all but one of which were dismissed by the Court's Memorandum Opinion and Order of December 19, 2001 (Docket No. 22). Plaintiffs unsuccessfully appealed that Order, with the matter being returned to this Court on November 15, 2002. The single claim remaining in the case is Plaintiffs' assertion that Defendant Landrum removed them from their jobs in the law library in retaliation for their activities in asserting their own rights. This claim is brought against Defendant in his individual capacity.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



2. The Tenth Circuit Court of Appeals held that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his" constitutional rights. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." Id. at 948. However, it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and retaliation jurisprudence does not change this role. Turner v. Safley, 428 U.S. 78, 89 (1987). An inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity. Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Accordingly, a plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Id. (quoting Smith, 899 F.2d at 949-50). An inmate claiming retaliation must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir.1990).

3. Plaintiffs fail in showing that "but for" a retaliatory motive on the part of Defendant Landrum they would not have been removed from their prison library jobs. Plaintiffs assert that former defendant Linda Breaux requested that they be removed following a dispute regarding rules governing use of the library materials. Amended Complaint (Docket No. 20) p. 9. In addition, Plaintiffs contend that Breaux requested their removal in response to their pointing out that rules she implemented regarding use of the library kept segregation inmates from enjoying the same access to legal materials that general population inmates benefitted from. Plaintiffs actions in asserting other prisoners were being denied access to legal materials does not constitute exercising their constitutional rights, as they have no right to assert constitutional claims on behalf of others. Cotner

2

v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986). Further, Plaintiffs have no protected right to a given work assignment and cannot show that their dismissal from the law library prevented them from pursuing this legal action. Cf. Smith v. Bruce, 91 Fed.Appx. 100, 2004 WL 214477 (10th Cir. Feb. 5, 2004) (unpublished disposition).

**RECOMMENDED DISPOSITION**

That the remaining claim against Defendant Curtis Landrum for retaliation be denied and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE